# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| VARATEC, LLC,<br>a limited liability company, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:19-cv-01541 (SJC) |
| COMCAST BROADBAND<br>SECURITY, LLC D/B/A<br>XFINITY HOME,<br>a limited liability company, and | ) ) ) ) ) ) | |
| COMCAST CABLE<br>COMMUNICATIONS, LLC<br>D/B/A XFINITY,<br>a limited liability company, | ) ) ) ) ) | |
| Defendants. | ) ) ) ) ) | JURY TRIAL DEMANDED |

## PLAINTIFF, VARATEC, LLC'S MOTION TO REASSIGN
## OR, IN THE ALTERNATIVE, CONSOLIDATE CASES

Pursuant to Rule 40.4 of the Local Rules for the Northern District of Illinois ("Local Rules") and Federal Rule of Civil Procedure 42(a)(2), Varatec, LLC ("Varatec") hereby moves this Court to reassign Case No. 1:19-cv-01543 (the "Related Case") to this Court or, in the alternative, Varatec moves this Court to consolidate the Related Case with the instant Case No. 1:19-cv-01541 (the "First Filed Case"). None of the named defendants in either the First Filed Case or the Related Case has been served.

### PROCEDURAL BACKGROUND

1. On March 04, 2019, Varatec brought the First Filed Case asserting patent

infringement against Comcast Broadband Security, LLC, d/b/a Xfinity Home ("CBS") and Comcast Cable Communications, LLC, d/b/a Xfinity ("CCC") (collectively "Xfinity") based on Xfinity's continued and willful infringement of U.S. Patent No. 7,792,256 ("the '256 Patent").

2. That same day, Varatec brought the Related Case, similarly asserting patent infringement against ADT LLC, d/b/a ADT Security Services. ("ADT") based on ADT's continued and willful infringement of the '256 Patent. A copy of the complaint in the Related Case is attached hereto as Exhibit A. The Related Case was assigned to the Honorable Andrea R. Wood.

3. This Court has set an initial status hearing for May 6, 2019 and has requested that a joint status report be filed prior to the status hearing. Dkt. No. 9. Similarly, in the Related Case, Judge Wood has set an initial status hearing for May 7, 2019 and has requested that a joint status report be filed before the status hearing. Related Case, Dkt. No. 9.

4. Summons have not yet been issued or served in either case.

## ARGUMENT

5. Local Rule 40.4 provides that two cases may be related if one or more of the following conditions are met:

> (1) the cases involve the same property;
> (2) the cases involve some of the same issues of fact or law;
> (3) the cases grow out of the same transaction or occurrence; or
> (4) in class action suits, one or more of the classes involved in the cases is or are the same.

6. Local Rule 40.4 further provides that a later-filed case may be reassigned to another judge in an earlier-filed case if the cases are related and each of the following criteria are met:

> (1) both cases are pending in this Court;
> (2) the handling of both cases by the same judge is likely to result in a substantial

saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

7. Further, the Federal Rules permit a court to consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The standard for consolidating cases is an "expansive one," and requires only that the cases "involve 'a common question or law or fact,'" even if that question does not predominate the action. 8 Moore's Federal Practice §42.10[1][a] (quoting, *e.g. Sandwiches, Inc. v. Wendy's Int'l, Inc.*, 822 F.2d 707, 711 (7th Cir. 1987)).

8. The First Filed Case and the Related Case are related because the cases involve the same intellectual property, the '256 Patent; the two cases further share issues of fact and law, including, for example, issues related to the construction of claim terms found in the claims of the '256 Patent as well as the validity and enforceability of the '256 Patent.

9. Reassignment is appropriate here because the two cases are related, as discussed above, and because each of the four factors from Local Rule 40.4 favors reassignment.

10. First, both the First Filed Case and the Related Case are pending in this Court.

11. Second, the handling of both cases will substantially save judicial time and effort. Both the First Filed Case and the Related Case seek relief for willful infringement of the '256 Patent. As discussed above, legal and factual issues common to both cases include claim constructions, validity, and enforceability regarding the '256 Patent. Having a single judge presiding over both cases will substantially preserve judicial resources, eliminate redundancy and duplicative effort, and eliminate the possibility of inconsistent holdings. Further, the Local Rules require extensive, scheduled disclosures for cases asserting patent infringement, and the coordination of those efforts by a single judge will further promote efficiency in the litigation

process.

12. Third, neither the First Filed Case nor the Related Case has progressed to the point where reassignment will delay either of the cases. Both cases were only recently filed, on March 4, 2019. No summons have been issued and none of the defendants in either case have been served. As such, reassignment of the Related Case will not delay proceedings in the First Filed Case.

13. Fourth, the cases are susceptible to disposition in a single proceeding because they involve overlapping issues of law and fact.

14. To the extent that the Court prefers that the First Filed Case and the Related Case be consolidated instead of merely being related, consolidation is appropriate here because the Related Case seeks relief for infringement of the same patent asserted in the First Filed Case. Consolidation is also appropriate for the following reasons.

15. Because the First Filed Case and the Related Case depend upon similar operative facts and the same patent, they involve common questions of law and fact.

16. Furthermore, judicial economy would be served by consolidating the two cases for purposes of discovery and trial. "The examination of the common factual questions is likely to involve the same exhibits and testimony, and absent consolidation, the same evidence would be considered twice. Such duplication is inconsistent with the Court's goal to work efficiently." *BP Products N.A., Inc. v. Bulk Petroleum Corp.*, Nos. 07-C-1085, 07-C-1090, 2008 WL 4066106, at *5 (E.D. Wis. Aug. 27, 2008) (citing *EEOC v. G-K-G, Inc.*, 39 F.3d 740, 745 (7th Cir.1994)).

17. For at least the reasons set forth herein, Varatec respectfully requests that this Court grant its motion to reassign the First Filed Case and the Related Case pursuant to Local Rule 40.4. In the alternative, Varatec requests that the Court grant its motion to consolidate the First Filed Case and the Related Case pursuant to Federal Rule of Civil Procedure 42(a).

-5-

Dated: March 18, 2019	Respectfully submitted,

/s/ Reid P. Huefner	_

Reid P. Huefner
Barry F. Irwin, P.C.
Chris D. Eggert
Manon L. Burns
IRWIN IP LLC
222 South Riverside Plaza
Suite 2350
Chicago, IL  60606
(312) 667-6080
birwin@irwinip.com
rhuefner@irwinip.com
ceggert@irwinip.com
mburns@irwinip.com

*Attorneys for Plaintiff Varatec, LLC*

-6-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 18th day of March, 2019, a copy of the foregoing **PLAINTIFF, VARATEC, LLC'S MOTION TO REASSIGN OR, IN THE ALTERNATIVE, CONSOLIDATE CASES** has been (or will be as soon as possible) delivered to the parties in the following manners:

| | |
|---|---|
| Comcast Broadband Security, LLC, d/b/a Xfinity Home<br>Comcast Cable Communications, LLC, d/b/a Xfinity<br>One Comcast Center – 50th Floor<br>Philadelphia, PA 19103-2838 | *via first class mail and personal service (once summons issues)* |
| ADT LLC<br>1501 Yamato Road<br>Boca Raton, FL 33431 | *via first class mail and personal service (once summons issues)* |

                                                   /s/ Reid P. Huefner